(111 App. Div. 480)

### MARX v. BROGAN.

(Supreme Court, Appellate Division, First Department. March 9, 1906.)

COVENANTS—USE OF REAL PROPERTY—RESTRICTIONS.

    A six-story elevator apartment house of brick and limestone, which, when erected, will present a dignified and attractive appearance, and will consist of elegantly appointed apartments, is not a tenement house, within a covenant prohibiting the owner of the property from erecting any tenement house, etc., thereon.

Submission of controversy on agreed statement of facts between Max Marx and Charles Brogan. Judgment for the latter.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Eugene D. Boyer, for plaintiff.
H. W. Hayden, for defendant.

PATTERSON, J.   The parties to this record have submitted their controversy upon an agreed statement of facts, pursuant to sections 1279, 1280, 1281 of the Code of Civil Procedure, by which it appears that the plaintiff is the owner of a dwelling house at the southeasterly corner of Convent avenue and 148th street, in the borough of Manhattan, city of New York, and the defendant is the owner of a vacant plot of ground adjoining the plaintiff's premises.   On June 10, 1889, the parties to the submission entered into an agreement in writing in which it is recited that they are desirous of increasing the value of their lots and improving the character of the neighborhood, and it is then provided in the agreement as follows:

"That for the period of twenty-five years next ensuing from the date hereof, there shall not be erected or permitted upon any part of said lots any tenement house, or any foundry, manufactory, distillery, billiard saloon, drinking saloon, store, shop or livery stable, or any noxious trade or business whatsoever."

The defendant intending to erect a building upon his land, the plaintiff seeks to enjoin him from so doing, on the ground that the proposed building, if erected, would be in violation of the restrictive covenant above set forth, and would seriously affect the value of the plaintiff's premises.   The defendant insists that there is no violation of the covenant, but, on the contrary, that his proposed building is an apartment house of a superior character, and that such a structure is not within the inhibition of the covenant.   In the submission the defendant's proposed building is described as an "apartment house."   It is referred to as a "six-story elevator apartment house of brick and limestone," and the details of construction are set forth.   The ground floor is to consist of five apartments—three containing five rooms each, one containing six rooms, and one containing seven rooms.   The five upper floors are to contain six apartments each, four of which will consist of five rooms each, and two of six rooms each.   Each apartment, in addition to the rooms above mentioned, is to contain a private hall and private bathroom and closet, and each apartment includes a parlor, dining room, chamber, kitchen, and servant's room.   The floors are to be of hardwood, and the rooms are to be finished in oak and birchwood, and the parlors are to have mantels and open fireplaces with gas logs.   The walls are to be papered and decorated, except those of the dining rooms, which are to be paneled in antique oak.   The building and all of the apartments are to be heated by steam, equipped for lighting by both electricity and gas, provided with hot and cold water conveyed in open work plumbing, with gas ranges for cooking, dumb waiter, and each apartment is to have a private long-distance telephone.   The main hall is to be wainscoted with imported marble, and there is to be an electric passenger elevator for the use of all the tenants.   A picture of the facade of the proposed building is annexed to the submission, and an inspection of it will show that, if and when erected, it will present a dignified and attractive appearance.

That there is a wide difference between a tenement house and an apartment house (and in the construction of covenants, such as that involved here, such difference is recognized by the courts) is well settled.   Kitching v. Brown, 180 N. Y. 414, 73 N. E. 243; White v. Col-

lins B. & Con. Co., 82 App. Div. 1, 81 N. Y. Supp. 434.   While there is no actual legal definition of a tenement house, still, in the year 1889, when the covenant between these parties was made, and even prior thereto, the difference between such a house and an apartment house was a matter of common knowledge.   In the submission the parties to this controversy have called the defendant's proposed building an apartment house, and the details of construction appearing in the record indicate its superior quality.   In order to bring the structure, which the defendant intends to erect, within the operation of the restrictive covenant, it is necessary for the plaintiff to show that it is what was known and understood to be a tenement house within the meaning of that covenant.   That he has failed to do.   With the recognized distinction between apartment and tenement houses, the court cannot assume that the covenant will be violated by the defendant putting up a building of the character described in the submission.

Judgment should be ordered for the defendant, with costs.   All concur.